## NO. XII.

### JOHN DAVIS v. SYLVANUS HATCH.

*Appeal from Jackson.*

JACK, JUSTICE.—The appellee, Hatch, brought an action in Jackson
County against Davis for damages for a failure, as alleged in the petition
on the part of Davis, then sheriff of Jackson County, to levy an attach-
ment which Hatch had sued out against one T. S. Mayberry, and for
improperly serving other writs of attachment upon the property of May-
berry, which some other creditors of Mayberry had obtained before a
justice of the peace. On the trial of the case below the proof was that
Hatch on the 10th of September obtained an attachment against May-
berry; that Davis, the sheriff, received the writ of attachment the same
day and levied it on the next day. The defendant proved that on the
same day C. L. Owen, J. Brown, D. Allen and J. Murry Brown respec-
tively sued out their attachments against Mayberry, on demands cog-
nizable and returnable before a justice of the peace; that those of C. L.
Owen and J. Murry Brown were delivered orally to said Allen to exe-
cute. That the writ sued out by Allen was delivered to said J. M. Brown
to execute on the day of their date. That they were directed to any
lawful constable or the sheriff of the county, but there was no written
deputation made of either by the magistrate; that neither Allen nor
J. M. Brown was a qualified constable; that on the night of that day
Allen levied that delivered to him, and J. M. Brown levied Allen's
attachment. That on the next morning, the writ of J. Murry Brown,
directed as the others, was levied by James A. Sylvester, deputy sheriff
of defendant Davis; after which, on that morning, Hatch's attachment
was levied. That Owen, Allen and the Browns obtained judgments

rule that a corporation could act and speak only by its corporate seal is
obsolete with us. Shropshire v. Behrens, 77 T., 275; Gas Co. v. Harber, 1
App. C., sec. 1123. Where an agent makes a contract under seal, without
disclosing his agency, the party with whom he contracts can not elect to
hold the undisclosed principal upon the contract. This principle is not
changed by our statute. Rev. Stats. 1895, art. 4862; Sanger v. Warren, 91

before a magistrate, took out executions directed to any lawful constable or sheriff of Jackson County; that these executions were delivered to said Sylvester, deputy sheriff, who, having advertised duly, sold the property attached, and applied the proceeds to the executions issued by the justice to the exclusion of Hatch's attachment. The judge in a voluminous charge to the jury instructed them, "that according to the laws, neither the sheriff nor his deputy as such could execute any original or final process issued by a justice of the peace and returnable before such justice in a civil suit." The whole of the charge was excepted to by the defendant, but as the above is the only part of it which we can regard as relevant, we will proceed to determine its correctness. In looking over the act regulating attachments, we find throughout the whole of its provisions that the framers of that statute contemplated the service of writs of attachment by sheriffs, whether issued by and returnable before justices, or from the judge or clerk of the district court. But if any doubt existed as to the power of a sheriff to execute an attachment issued and returnable before a magistrate under this statute, they are altogether removed by a reference to "an act defining the powers and duties of sheriffs," etc. By the seventh section of that act, the power is expressly granted to the sheriff to execute all writs and other process to him legally issued and directed from any justice of the peace or court of record, etc. The charge of the judge below was, we think, erroneous. We are also of opinion that neither under the allegations in the petition nor the proof introduced the defendant could be made liable. It is therefore ordered and adjudged that the judgment of the court below be annulled and reversed.

*Reversed.*